**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 26-cv-3152-WJM

ABDOUL SAO,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as
Warden of the Denver Contract Detention Facility, *et al*.

      Respondents.

---

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

---

Before the Court is Petitioner Abdoul Sao's Verified Petition for Writ of Habeas

Corpus filed pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1) and Motion for

Temporary Restraining Order and/or Preliminary Injunction ("Motion") (ECF No. 3).

Respondents Juan Baltazar, in his official capacity as Warden of the Denver Contract

Detention Facility ("DCDF"); George Valdez, in his official capacity as Field Office

Director of ICE's Denver Field Office; Markwayne Mullin, in his official capacity as

Secretary of the Department of Homeland Security ("DHS"); David Venturella, in his

official capacity as Acting Director of Immigration and Customs Enforcement ("ICE");

and Todd Blanche, in his official capacity as Acting Attorney General of the United

States (collectively, "Respondents" or "the Government") filed a cursory response.

(ECF No. 11.)

For the following reasons, the Petition is granted, and the Motion is denied as

moot.

## I.    BACKGROUND

This case presents an all-too-familiar fact pattern.  Sao is an asylum seeker who has lived in the United States since 2023.  (ECF No. 1 at ¶¶ 5, 31.)  ICE temporarily detained Sao upon his initial entry to the United States but then released him on his own recognizance pursuant to 8 U.S.C. § 1226(a).  (*Id.* at ¶¶ 2, 5, 31.)  ICE also initiated removal proceedings against him, charging him as removable under 8 U.S.C. § 1182(a)(6)(A) for entering without inspection or admission.  (*Id.* at ¶ 5.)  After his release, Sao obtained gainful employment in the retail industry.  (*Id.* at ¶ 31.)  In addition, he has no criminal history that would subject him to mandatory detention.  (*Id.* at ¶¶ 28, 31.)

Despite the foregoing circumstances, ICE abruptly re-detained Sao at an ICE check-in appointment in March 2026, without notice or an opportunity to be heard.  (*Id.* at ¶¶ 2, 6, 23, 31.)  Respondents now claim that he is subject to mandatory detention under 8 U.S.C. § 1225(b).  (*Id.* at ¶ 3.)  In the Petition, Sao challenges the legality of Respondents' invocation of § 1225(b).  (ECF No. 1 at ¶¶ 3–4.)  Among other relief, he asks the Court to issue a writ of habeas corpus requiring Respondents to immediately release him from custody or, in the alternative, to schedule him for a custody hearing pursuant to 8 U.S.C. § 1226(a) before this Court within seven days.  (*Id.* at 17–18.)

## II.    LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).  More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such cases."  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)

2

(authorizing any person to claim in federal court that they are being held "in custody in violation of the Constitution or laws . . . of the United States")). "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

### III.    ANALYSIS

Sao claims that his mandatory detention under § 1225(b) violates his Fifth Amendment due process rights (Counts I, II, III, and IV), the Immigration and Nationality Act ("INA") (Count V), the INA's implementing regulations (Count VI), and the Administrative Procedure Act, 5 U.S.C. § 706(2) *et seq.* (Counts VII and VIII). The Court need only reach Sao's claims that his re-detention violates the INA and his Fifth Amendment procedural due process rights to resolve the Petition.

### A.    Sections 1225(b) and 1226(a)

Sao first claims that Respondents' invocation of § 1225 to justify his detention "unlawfully for nearly four months violated the INA." (ECF No. 1 at ¶ 55.) Respondents declined to submit "a brief in opposition to the Petition detailing the facts and circumstances of this case." (ECF No. 11 at 1.) In any event, the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin,* ---- F.4th ----, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026) leaves little to debate. Sao is correct.

In *Santillan Quiroz,* the Tenth Circuit considered "whether § 1225(b)(2)(A) or §1226(a) applie[d]" to a § 2241 petitioner who entered the United States "[t]wo decades

3

ago" and had "lived here ever since." *Id.* at \*2, \*4.  Ultimately, it held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually[1] subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at \*5.  The Tenth Circuit based its holding in significant part on its interpretation of the phrase "seeking admission," as it is used in § 1225(b)(2)(A). *Id.* at \*6–\*7.  It reasoned: "A person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* at\*7.  Thus, "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.*  By extension, "§ 1225(b)(2)(A) is likewise limited to the border." *Id.*[2]

The material facts here are indistinguishable from those summarized in *Santillan Quiroz.*  Like the § 2241 petitioner in that case, Sao had already entered the United States—notably, as a result of Respondents having released him on his own recognizance under § 1226(a) shortly after entry—when he was detained in March 2026.  Accordingly, § 1226(a)—not § 1225(b)(2)(A)—applies to Sao.

---

[1] The Tenth Circuit's holding is qualified only by the fact that "[s]ome noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A)." *Id.* at \*5 n.6.  But, as in *Santillan Quiroz,* "[t]here is no argument here that § 1225(b)(1)(A) applies to [Sao]." *Id.*

[2] Notably, this reasoning is consistent with the numerous other decisions the undersigned has reached in the very recent past.  *Cf. Juarez-Bibiano v. Baltazar,* 2026 WL 1893397, at \*2–\*3 (D. Colo. July 1, 2026); *Garcia Lozano v. Mullin,* 2026 WL 1091266, at \*2–\*4 (D. Colo. Apr. 22, 2026); *Pal v. Lyons,* 2026 WL 937962, at \*2–\*4 (D. Colo. Apr. 7, 2026); *Saini v. Baltazar,* 2026 WL 1091263, at \*2–\*4 (D. Colo. Apr. 22, 2026); *Temaj Lopez v. Baltasar,* 2026 WL 628199, at \*2–\*4 (D. Colo. Mar. 6, 2026); *Singh v. Baltasar*, 2026 WL 601950, at \*1 (D. Colo. Mar. 4, 2026); *Hernandez v. Baltazar,* 2026 WL 507518, at \*4 (D. Colo. Feb. 24, 2026); *Garcia Abanil v. Baltazar,* 817 F. Supp. 3d 1148, 1155–57 (D. Colo. 2026); *Morales Lopez v. Baltazar*, 2026 WL 25161, at \*4–5 (D. Colo. Jan. 5, 2026).

### B.    Procedural Due Process

Sao also claims that "Respondents' revocation of [his] release on his own recognizance without providing notice and a meaningful opportunity to be heard violates procedural due process under the Fifth Amendment of the Constitution."  (ECF No. 1 at ¶ 37.)

The Government's cursory response makes no mention of Sao's due process claim.  (*See generally* ECF No. 11.)  But this Court has previously held in earlier immigration habeas cases that the Government violates procedural due process when it re-detains noncitizens previously released on conditional parole under § 1226(a) without notice or a pre-deprivation hearing.  *Singh v. Hagan,* Civil Action No. 26-cv-1109 (D. Colo. Apr. 1, 2026) (ECF No. 11).[3]  In keeping with *Singh,* the Court again concludes that Respondents violated due process by committing those same procedure failures before re-detaining Sao.

### C.    Remedy

The Government submits that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner."  (ECF No. 11 at 2.)  The Court concludes, however, that immediate release

---

[3] Other district courts in this Circuit have reasoned similarly.  *See also Makhmudov v. Bondi,* 2026 WL 915597, at *12 (W.D. Okla. Apr. 3, 2026) (finding petitioner had shown a likelihood of success on the merits of his procedural due process claim that he was entitled to a pre-deprivation hearing before being re-detained); *Singh v. Noem,* 824 F. Supp. 3d 1197, 1213–14 (D.N.M. Mar. 18, 2026) (concluding, after consideration of the *Mathews* factors, that conditionally paroled § 2241 petitioner's failure to receive a pre-deprivation hearing prior to being re-detained violated his procedural due process rights); *Diallo v. Orozco,* 2026 WL 608746, at *2 (D.N.M. Mar. 4, 2026) ("due process requires Diallo," who had previously been released on his own recognizance, "receive a hearing before an IJ prior to re-detention").

is the proper remedy here for two reasons.

First, as recently put by one district judge in this Circuit,

> [a] bond hearing, which Petitioner is entitled to regardless, cannot cure the fact that he is detained while his conditional parole is still ongoing because it has not been properly terminated.  Petitioner's . . . release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated.  The Court does not see how ordering another bond hearing would remedy a wrong that has been ongoing since the outset of Petitioner's re-detention.

*Singh,* 2026 WL 766228, at *10; *see also Vielma Uzcategui v. Brooksby, et al.,* 2026 WL 622751, at *13 (D. Utah Mar. 5, 2026) (ordering immediate release of petitioner previously released on her own recognizance); *Velasquez Montillo v. Brooksby,* 2026 WL 592355, at *10 (D. Utah Mar. 3, 2026) (same); *Murzi v. Noem,* 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (same).

Second, this Court has already written of its "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore."  *Pal,* 2026 WL 937962, at *4; *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4–*5 (D. Colo. Apr. 22, 2026) (concluding "the IJ deprived [petitioner] of his due process rights" by issuing a bond decision that was "wholly bereft of any analysis whatsoever").  Indeed, courts across the country have, with increasing frequency, ceased "order[ing] even initial bond hearings in cases like this one involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, . . . and doing so would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications."  *Zheng v. Rokosky,* 826 F. Supp. 3d 545, 563

(D.N.J. 2026) (collecting cases).

Given this reality, the Court will order Singh's immediate release.[4]

## IV.    CONCLUSION

For all these reasons, the Court ORDERS as follows:

1.      The Court's Order to Show Cause (ECF No. 8) is MADE ABSOLUTE and Sao's Petition (ECF No. 1) is GRANTED;

2.      The Court GRANTS this relief to Sao pursuant to Counts I, III, and V of the Petition.  The Court does not reach the merits of Counts II, IV, VI, VII, and VIII;

3.      The Motion (ECF No. 3) is DENIED AS MOOT;

4.      **By no later than this Saturday, July 25, 2026,** Respondents shall IMMEDIATELY RELEASE Sao on his own recognizance, along with all his personal belongings, subject only to the conditions of his pre-existing conditional parole**.  No additional conditions of release shall be imposed on Sao by Respondents**. Respondents shall further facilitate Sao's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address,

5.      Respondents are ENJOINED from re-arresting or re-detaining Sao unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such

---

[4] In *Santillan Quiroz*, the Tenth Circuit contemplated in a footnote that, on remand, the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him."  2026 WL 1876709, at *17 n.13.  In this Court's view, it is somewhat ambiguous whether this language means that the Tenth Circuit views release as contingent on the Government's failure to provide a bond hearing, or a bond hearing and release as equal, alternative remedies.  In the absence of clear guidance, this Court will continue to order immediate release in the first instance under appropriate circumstances, unless and until the Tenth Circuit holds otherwise.

that his physical custody is legally justified.  At any such bond hearing, Respondents shall bear the burden of proof, and Sao shall be allowed to have counsel present.  This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

6.      Respondents shall continue to be ENJOINED from removing, transferring, or causing the removal or transfer of, Sao from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

7.      Should Sao believe he has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, he is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **August 20, 2026**.  Respondents shall file a response by no later than **September 10, 2026**, and Sao shall file a reply by no later than **September 24, 2026**; and

8.      Judgment shall enter in Sao's favor and against Respondents on **August 6, 2026,** UNLESS prior thereto the Court is informed that Respondents have failed to fully and timely comply with the terms of this Order.

Dated this 23rd day of July, 2026.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge